IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JAN 0 7 2014

JULIA C. DUDLEY, CLERK
BY:
     DEPUTY CLERK

| | |
|---|---|
| RONALD W. BROWN, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.: 5:13cv00081 |
| | ) |
| v. | ) |
| | ) |
| WAL-MART STORES, INC., *et al.*, | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on plaintiff Ronald W. Brown's ("Brown") Motion to Remand. (Dkt. No. 16). In his remand motion, Brown seeks to return his personal injury suit to state court, arguing that the amount in controversy does not exceed $75,000 and that subject matter jurisdiction is therefore lacking. The matter has been briefed and a hearing was held on December 19, 2013. At the hearing, Brown's counsel testified that the value of the case did not exceed the $70,000 state court ad damnum. As such, counsel agreed not to increase the ad damnum beyond that amount if the case was remanded. Because of this stipulation, the court will **GRANT** plaintiff's motion and **REMAND** this case to the Circuit Court of Rockingham County.

Federal courts are courts of limited jurisdiction. In order to exercise jurisdiction over the state law tort claims Brown asserts in this case, there must be valid diversity jurisdiction under 28 U.S.C. § 1332. Brown contests that his suit falls short of the amount in controversy required

for diversity jurisdiction, which requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

Brown originally filed suit against Wal-Mart Stores, Inc., and other entities associated with Wal-Mart (collectively referred to as "Wal-Mart") in the Circuit Court of Rockingham County, Virginia, on July 3, 2012, seeking $70,000 in damages. Brown delayed serving process on Wal-Mart until April 9, 2013, nine months after filing suit. In May, 2013, Wal-Mart requested a settlement demand from Brown and propounded written discovery directed to the issue of Brown's claimed damages. Brown did not provide answers to the discovery and did not respond to the request for a settlement demand until July 11, 2013, more than one year after filing suit. On July 11, 2013, one year and eight days after filing suit, Brown provided Wal-Mart with a detailed settlement package, in which he demanded $200,000 to settle the case.[1] In response to the $200,000 demand, Wal-Mart filed a notice of removal on August 7, 2013.

Brown raises two objections to the court's exercise of diversity jurisdiction. First, Brown asserts that Wal-Mart's removal petition was untimely. Second, Brown argues that, even if timely, the removal petition falls short of establishing an amount in controversy exceeding the $75,000 jurisdictional threshold.

I.

Brown first argues that Wal-Mart's notice of removal is untimely, coming more than one year after suit was filed. Except in circumstances amounting to bad faith, the removal statute prohibits removing an action more than one year after it is filed. "A case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the

---

[1] "Even though settlement offers are inadmissible to prove liability under Rule 408 of the Federal Rules of Evidence, they are admissible to show that the amount in controversy for jurisdictional purposes has been met." Carroll v. Stryker Corp., 658 F.3d 675, 682 n.2 (7th Cir. 2011); see also Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.3 (9th Cir. 2002) (per curiam) ("We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy.").

action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Wal-Mart responds that its delay in filing the removal petition is justified under the bad faith exception because Brown deliberately delayed providing it with notice that his claim exceeded $75,000. The court agrees. Although he filed suit on July 3, 2012, Brown delayed serving process on Wal-Mart for nine months. Brown then failed to respond to a settlement inquiry or provide answers to discovery aimed at determining the amount in controversy until after the one year anniversary of filing suit. Eight days later, Brown sent Wal-Mart a ten page single-spaced settlement letter. In this tome, Brown outlined his positions on liability, causation, and damages and addressed injuries to Brown's knee, shoulder, and neck, including his neck surgery and course of treatment. The settlement letter included two itemized listings of medical expenses, and expressly predicated the settlement demand on medical expenses of $62,386.77. The July 11, 2013 letter contained a $200,000 settlement demand. After receipt of the $200,000 demand, Wal-Mart promptly filed its petition of removal pursuant to 28 U.S.C. § 1446(b)(3).

Other courts have found similar delaying tactics to warrant application of the bad faith exception, allowing removal after one year. See Thompson v. Belk, Inc., 1:13-CV-1412-WSD, 2013 WL 5786587, at *3 (N.D. Ga. Oct. 28, 2013) (finding bad faith where plaintiff refused to respond to discovery requests regarding her alleged damages – going so far as to voluntarily dismiss her case with the intent of refiling – until the one year removal period expired); Cameron v. Teeberry Logistics, LLC, 920 F. Supp. 2d 1309, 1316 (N.D. Ga. 2013) (finding bad faith where plaintiff (1) specifically pled that the case was not removable, (2) failed notify the defendants that she considered the amount in controversy to be over $75,000; and (3) sent a letter demanding $575,000 exactly one year and four days after commencement of her suit); Ford-

Fisher v. Stone, CIV A 206CV575, 2007 WL 190153, at *4, *7 (E.D. Va. Jan. 22, 2007) (finding that the amount in controversy exceeded the sum in the plaintiff's state court ad damnum clause where plaintiff refused to stipulate that her damages did not exceed $75,000, admitted to planning to amend her ad damnum clause to $450,000, demanded $300,000 to settle her claims, and acknowledged that her injuries were not yet fully known and her medical treatment ongoing); Schwenk v. Cobra Mfg. Co., 322 F. Supp. 2d 676, 678-79 (E.D. Va. 2004) (determining bad faith where plaintiff refused to stipulate to an amount in controversy under $75,000 and admitted intending to amend his demand to a sum well in excess of $75,000 after the one year removal period expired). Consistent with this precedent, the court concludes that Brown's failure to provide information as to his claimed damages within one year of filing suit, coupled with the submission of a detailed settlement letter demanding $200,000 eight days later, falls within the bad faith exception to the one year removal rule. Accordingly, the court concludes that Wal-Mart's removal petition was timely filed.

## II.

A finding that Wal-Mart's notice of removal was timely filed does not, however, compel the ultimate conclusion that the case should remain pending in federal court. Brown asserts that regardless of the July 11, 2013 settlement letter, the amount in controversy is determined by "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). As Brown's Rockingham County Complaint sought only $70,000 in damages, Brown claims that no federal jurisdiction exists.

Once again, resolution of this issue requires the court to address the issue of bad faith, this time in connection with the substance of the amount in controversy. In support of the contention that the ad damnum in the Rockingham County Complaint was made in good faith,

4

Brown's counsel and paralegal testified at the December 19, 2013 hearing that they did not value Brown's case over $50,000. Indeed, Brown's counsel asserts that he and Wal-Mart agreed to settle the case for $45,000, but that the settlement has faltered over a disagreement regarding responsibility for future Medicare liens. Given the evidence presented by Brown's counsel and his paralegal at the evidentiary hearing, the court finds that the $70,000 ad damnum contained in the Rockingham County Complaint was not done in bad faith.

Furthermore, unlike in Schwenk and Ford-Fisher, Brown's counsel here assured the court that, were the case to be remanded, he will not amend his state court complaint to raise the ad damnum. At oral argument, counsel for Wal-Mart concedes that this stipulation by Brown makes remand appropriate. The court agrees. Virginia law caps Brown's potential recovery to his ad damnum clause,[2] and the solemn word of Brown's counsel caps his ad damnum clause at $70,000. The amount in controversy therefore fails to meet the requirements set forth in 28 U.S.C. § 1332. As such, the court has no jurisdiction over this case.

The motion to remand is accordingly **GRANTED** and this case is hereby **REMANDED** to the Circuit Court of Rockingham County, Virginia. The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order will be entered this day.

Entered: 1-7-14

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] "In Virginia practice the ad damnum clause in the motion for judgment sets a cap on the amount recoverable upon a favorable verdict." Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 3.2(H) (5th ed. 2008).